IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WARDELL JOHNSON, ET AL. | * | |
| | * | |
| v. | * | Civil No. JFM-02-1155 |
| | * | |
| JAS TRUCKING, INC. | * | |
| | ***** | |

MEMORANDUM

Plaintiffs, both of whom are African-American males, have brought this action against their former employer, JAS Trucking, Inc., for employment discrimination under Title VII and 42 U.S.C. § 1981. They allege that they were subjected to a hostile work environment and that, as a result, they resigned. Defendant has filed a motion to dismiss on the ground that the facts as alleged in the complaint are insufficient to state a claim upon which relief can be granted.

Plaintiffs were hired as laborers in February 1999. They allege that on three occasions their immediate supervisor, Robert Mooreland, a Caucasian male, subjected them to racially abusive comments. According to plaintiffs, in June of 1999, Mooreland stated out loud, "What those two black son of bitches doing?" They further contend that on July 16, 1999, Mooreland stated loudly, "Have the damn niggers got out the yard yet?" and that on July 20, 1999, Mooreland stated over the radio, "Tell them two black motherfuckers not to park on the side of the road."

Plaintiffs allege that on July 20, 1999 - the date on which the last of the three statements is alleged to have been made - they called defendant's owner, Joan Stockett, to complain about Mooreland's comments. They allege she said she would get back to them. Later the same day, they resigned.



I will assume (although the assumption is highly questionable) that the three comments plaintiff's allege caused their "workplace . . . [to be] permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of . . . [their] work environment." I will further assume that Mooreland's status as a foreman provided a sufficient basis to impute to defendant the comments he allegedly made. If those assumptions are correct, plaintiffs have plead sufficient facts to establish a hostile work environment claim. See Schwapp v. Town of Avon, 118 F.3d 106, 111-12 (2d Cir. 1997). However, even if plaintiffs have done so, their claim fails because, according to their own allegations, they did not give Ms. Stockett or other management officials of defendant a reasonable opportunity to correct the situation. Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998).[1]

A separate order granting defendant's motion and dismissing this action is being entered herewith.

Date: July 11, 2002

J. Frederick Motz
United States District Judge

---

[1] Indeed, plaintiffs implicitly recognize that they did not give defendant a reasonable opportunity to correct the situation by contending that defendant should have prevented the harassing behavior in the first place. The standard of behavior plaintiffs seek to establish on behalf of employers is too high. Although the comments attributed to Mooreland are inexcusable, an employer simply cannot be held responsible for sporadic expressions of racial or other prejudice by all members of its workforce. Strikingly absent from the complaint are any allegations that Mooreland had made similar expressions on other occasions, that plaintiffs (or anyone else) had brought to the attention of Ms. Stockett or other management officials any offensive conduct engaged in by Mooreland prior to July 20 (including the June and July 16 incidents), that defendant did not have any anti-discrimination policies in effect, or that defendant had created or tolerated a work environment generally hostile to African-Americans.

2